UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| EDWARD B. WINSLOW, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | No. 3:10-cv-00463<br>Judge Sharp |
| BANCORPSOUTH, INC., et al., | ) ) | Magistrate Judge Bryant |
| Defendants. | ) | |

## ORDER

On April 26, 2011, the Magistrate Judge entered a Report and Recommendation ("R & R") (Docket No. 51), recommending that the Motion to Dismiss (Docket No. 41) filed by Defendants BancorpSouth, Inc., Aubrey B. Patterson, Jr., James V. Kelley, William L. Prater, and Gregg Cowsert (collectively referred to as "Defendants") be denied. Thereafter, Defendants filed a timely objection to and appeal of the R & R (Docket No. 52), to which Plaintiff Edward B. Winslow filed a response (Docket No. 53). For the reasons stated herein, Defendants' Motion to Dismiss (Docket No. 41) is denied.

Defendants moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the Consolidated Amended Complaint (the "Complaint") (Docket No. 36) fails to state a claim against them because: (1) Plaintiff failed to plead the necessary elements of causation or loss for a claim under Section 10(b) and Rule 10b-5 of the Securities and Exchange Act of 1934 (the "Exchange Act"); (2) Plaintiff failed to plead facts that could establish an actionable misrepresentation or omission of material fact; (3) Plaintiff failed to meet the pleading requirements of the Private Securities Litigation Reform Act of 1995 ("PSLRA")

1

with respect to the element of scienter; and (4) Plaintiff failed to state a Section 20(a) claim against Defendants. (Docket No. 41). Defendants' objection to the R & R reiterates their contention that Plaintiff "has failed to plead facts necessary to establish the requisite elements of a securities fraud claim under Section 10(b) and Rule 10b-5 of the [Exchange Act]." (Docket No. 52 at 1). In their filing (Docket No. 52), Defendants raise two specific objections to the R & R, urging this Court to reject the Magistrate Judge's recommendation and dismiss this case in its entirety. Defendants contend that the Magistrate Judge erred in finding that: (1) Plaintiff has pleaded facts to support his allegation that Defendants misstated their financial results in 1Q09 through 3Q09 by "load[ing] all the errors into the Company's 4Q09 results"; and (2) Plaintiff has pleaded facts supporting a strong inference of scienter by crediting "nuggets" of inference not present in the Complaint and contrary to established law. In his response (Docket No. 53), Plaintiff addresses both objections, explaining why each is without merit.

In general, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (internal quotations omitted). A claim is plausible on its face if the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and this entails showing "more than a sheer possibility that a defendant has acted unlawfully." Id. Thus, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted). However, additional pleading requirements under Rule 9(b) of the Federal Rules of Civil Procedure and PSLRA apply when a

complaint, such as the one here, contains allegations of fraud under Section 10(b) of the Exchange Act. Specifically, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Thus, Plaintiff must plead his federal securities law claims with sufficient particularity required by Rule 9(b) and 15 U.S.C. § 78u-4(b).

Having fully considered the arguments of the parties, the Court finds that Plaintiff has met his burden and the Motion to Dismiss will be denied. The factual allegations in the Complaint, accepted as true, are sufficient at this stage of the litigation to show that he is entitled to relief from Defendants, and to allow the Court to draw the necessary inference that Defendants may be liable to Plaintiff for violations of the Exchange Act. It will now be incumbent upon Plaintiff to prove it.

Having conducted a *de novo* review of the matter in accordance with Fed. R. Civ. P. 72(b), the Court agrees with the Magistrate Judge's recommendations. Accordingly,

(1) The Report and Recommendation (Docket No. 51) is hereby ACCEPTED and APPROVED; and

(2) Defendants' Motion to Dismiss (Docket No. 41) is hereby DENIED.

It is SO ORDERED.

*Kevin H. Sharp*
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE