UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | |
|---|---|
| EDWARD B. WINSLOW, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>BANCORPSOUTH, INC., et al.,<br><br>Defendants. | Civil Action No. 3:10-cv-00463<br><br>CLASS ACTION<br><br>Judge Kevin H. Sharp<br>Magistrate Judge John S. Bryant |

**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

This matter came before the Court for hearing on October 31, 2012 (the "Settlement Hearing"), pursuant to the Order Preliminarily Approving Settlement and Providing for Notice dated July 11, 2012 ("Order"), on the application of the parties for approval of the Stipulation of Settlement dated as of May 24, 2012 (the "Stipulation"). Whereas, the Court has considered all matters submitted to it at the Settlement Hearing and otherwise, and the entire matter of the settlement; it appears that a Notice of Pendency and Proposed Settlement of Class Action ("Notice"), substantially in the form approved by the Court, was mailed to all Settlement Class Members who could be identified; a Summary Notice of the settlement, substantially in the form approved by the Court, was published as directed by the Court in the Order; the Settling Parties have appeared by their attorneys of record; the attorneys for the Settling Parties have been heard in support of the settlement; and an opportunity to be heard was given to all other Persons desiring to be heard as provided in the Notice; IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Final Judgment and Order of Dismissal with Prejudice incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction to enter this Judgment. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Settlement Class Members.

3. This Court finds that each of the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied in that (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Lead Plaintiff are typical of the

claims of the Settlement Class; (d) the Lead Plaintiff and Co-Lead Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (e) class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies this Litigation as a class action on behalf of all Persons who purchased or otherwise acquired the common stock of BancorpSouth between April 23, 2009 and July 22, 2010, inclusive. Excluded from the Settlement Class are the Defendants and each and all of Defendants' Related Parties; provided, that the Settlement Class shall specifically include any BancorpSouth 401(k) Plan or other employee retirement benefit plan established under the Employee Retirement Income Security Act and/or any Person for whom BancorpSouth or any of its Related Parties holds BancorpSouth common stock in a fiduciary capacity, except to the extent any Person excluded above is a participant in such a retirement benefit plan and then such Person will not participate in any distribution to the retirement benefit plan from the Settlement Fund. Also excluded from the Settlement Class are those Persons who timely and validly requested exclusion from the Settlement Class pursuant to the Notice. A list of those Persons who excluded themselves from the Settlement Class, and thus are not bound by this Judgment, is attached as Exhibit 1 hereto. The Court certifies Lead Plaintiff as the Settlement Class representative; and Co-Lead Counsel are hereby finally appointed as Settlement Class counsel.

5. “Related Parties” as to BancorpSouth means each of that entity’s past or present directors, executive officers as defined by Regulation O, 12 CFR 215, partners, members, insurers, co-insurers, reinsurers, principals, agents, controlling shareholders, attorneys, advisors, investment advisors, underwriters, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, privies, related or affiliated corporations or entities, and any entity in which BancorpSouth has a controlling interest. “Related Parties” as to the Individual Defendants shall also include members of an Individual Defendant’s immediate family; present or former spouses; heirs; executors, administrators, agents, insurers, reinsurers, attorneys, personal or legal representatives or other persons acting in a representative capacity for an Individual Defendant; successors; assigns; any entity in which an Individual Defendant and/or any member of an Individual Defendant’s immediate family has or have a controlling interest (directly or indirectly); and any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant and/or members of his immediate family. “Related Parties” specifically excludes KPMG LLP and any of BancorpSouth’s past or present outside auditors.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby approves the settlement set forth in the Stipulation and finds that said settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class.

7. The Court finds that the Stipulation is fair, reasonable, and adequate as to each of the Settling Parties, and that the Stipulation is hereby finally approved in all respects.

8. Accordingly, the Court authorizes and directs implementation of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Settlement Class, the Court hereby dismisses with prejudice

and without costs (except as otherwise provided in the Stipulation) the Litigation against the Released Persons.

9. Upon the Effective Date hereof, the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons, whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release form.

10. Upon the Effective Date hereto, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Lead Plaintiff, each and all of the Settlement Class Members, and each and all of Lead Plaintiff's Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims.

11. The Lead Plaintiff, Lead Plaintiff's Counsel, and each and all of the Settlement Class Members are hereby permanently barred, enjoined, and restrained forever from instituting, commencing, prosecuting, or continuing to prosecute the Litigation or any other action or proceeding in any court of law or equity, arbitration tribunal, or administrative forum of any kind, asserting against any of the Released Persons any of the Released Claims.

12. To the full extent provided by Section 21D(f)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(f)(7), the Released Persons are hereby discharged from all claims for contribution by any person or entity, whether arising under state, federal, or common law, based upon, arising out of, relating to, or in connection with the Released Claims. Accordingly, to the full extent provided by 15 U.S.C. §78u-4(f)(7), the Court hereby bars all claims for contribution: (a) against the Released Persons by any Person; and (b) by the Related Parties against any Person.

13. The notice provided to the Settlement Class was the best notice practicable under the circumstances, including the individual notice to all Settlement Class Members who could be identified through reasonable effort. The form and method of notifying the Settlement Class of the pendency of the action as a class action and of the terms and conditions of the proposed settlement fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, 15 U.S.C. §78u-4(a)(7), as amended, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all Persons entitled thereto.

14. Any Plan of Allocation submitted by Co-Lead Counsel or any order entered regarding any attorneys' fees and expenses of Lead Plaintiff or Lead Plaintiff's Counsel shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

15. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement shall be: (a) offered or received against any Defendant as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by any Defendant of the truth of any fact alleged by the Settlement Class Members or the validity of any claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation, or of any liability, negligence, fault, or wrongdoing of Defendants; (b) offered or received against any Defendant as evidence of a presumption, concession, admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Defendant, or against Lead Plaintiff or any Settlement Class Member as evidence of any infirmity in the claims of Lead Plaintiff and the Settlement Class; (c) offered or received against any Defendant as evidence of a presumption, concession, or admission of any liability, negligence, fault, or wrongdoing, or in any way

referred to for any other reason as against any of the parties to the Stipulation, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if the Stipulation is approved by the Court, Defendants and their Related Parties may refer to it to effectuate the release granted them hereunder; or (d) construed against Defendants, Lead Plaintiff, or the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.

16. Notwithstanding the provisions of paragraph 14, the Stipulation and its Exhibits and/or this Judgment may be filed in this Litigation or in any action that may be brought against Defendants and/or their Related Parties in order to support a defense, claim, or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

17. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, costs, interest, and expenses (including fees and costs of the Lead Plaintiff, experts and/or consultants) in the Litigation; and (d) all Settling Parties hereto for the purpose of construing, enforcing, and administering the Stipulation or the settlement.

18. Pursuant to 15 U.S.C. §78u-4(c)(1), the Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

19. In the event that the settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

20. If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), Co-Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants who cashed or deposited the checks sent in the initial distribution in an equitable and economic fashion. Thereafter, any balance which still remains in the Net Settlement Fund shall be split evenly, 50/50, between the Legal Aid Society of Middle Tennessee and the Cumberlands in order to support its legal services for housing-related issues and Habitat for Humanity.

21. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any provisions of the Stipulation.

22. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: October 31, 2012

Kevin H. Sharp

THE HONORABLE KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on this the 22nd day of October, 2012, the *[Proposed] Final Judgment And Order Of Dismissal With Prejudice* was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Corey D. Holzer
Michael I. Fistel, Jr.
Marshall P. Dees
HOLZER, HOLZER & FISTEL, LLC
200 Ashford Center North, Suite 300
Atlanta, GA 30338
Telephone: 770/392-0090
770/392-0029 (fax)
cholzer@holzerlaw.com
mfistel@holzerlaw.com
mdees@holzerlaw.com

Joseph A. Woodruff
Larry B. Childs
Heather J. Hubbard
Tera Rica Murdock
WALLER, LANSDEN, DORTCH & DAVIS
Nashville City Center
511 Union Street, Suite 2100
Nashville, TN 37219
joseph.woodruff@wallerlaw.com
larry.childs@wallerlaw.com
heather.hubbard@wallerlaw.com
terarica.murdock@wallerlaw.com

STEVEN A. RILEY, #6258
GREGORY S. REYNOLDS, #18204
JAMES N. BOWEN, #24082
MILTON S. MCGEE, III, #24150
RILEY WARNOCK & JACOBSON, PLC

1906 West End Avenue
Nashville, TN37203
Telephone: (615) 320-3700
Facsimile: (615) 320-3737
sriley@rwjplc.com
greynolds@rwjplc.com
jimbowen@rwjplc.com
tmcgee@rwjplc.com

/s/George E. Barrett
GEORGE E. BARRETT